UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Lemke,  Case No. 3:21-cv-54

    Plaintiff,

v.  MEMORANDUM OPINION
AND ORDER

Ryan Bullinger, *et al.*,

    Defendants.

### I. INTRODUCTION

Defendants the City of Lima, Ohio, Sergeant Nicholas Hart, and Lieutenant Andrew Green (the "Lima Defendants") seek judgment on the pleadings with respect to the claims asserted against them by Plaintiff Christopher Lemke. (Doc. No. 10). Lemke filed in brief in opposition, (Doc. No. 16), and the Lima Defendants filed a brief in reply. (Doc. No. 17). For the reasons stated below, I grant the Lima Defendants' motion.

### II. BACKGROUND

On December 14, 2019, Lemke and his wife, Latosha, were involved in a domestic dispute. The police were called and Latosha was arrested and charged with domestic violence, a first-degree misdemeanor. (Doc. No. 1-2 at 16). Latosha subsequently was released on an own recognizance bond and ordered to "have no contact with [the] victim, whatsoever, by any means." (*Id.* at 15). Lemke also obtained a domestic violence temporary protection order ("DVTPO") on behalf of himself and the couple's four minor children. (*Id.* at 11-14). The DVTPO, among other things,

prohibited Latosha from having any contact with or coming within 500 feet of Lemke and their children. (*Id.* at 13).

A few days later, Lemke, a police officer with the Lima Police Department, attempted to contact Latosha to tell her their children "missed her and wanted to see her." (*Id.* at 3). Latosha contacted her sister, Jealisa Stephenson, and Stephenson in turn contacted the Lima Police Department and spoke with Hart. (*Id.*). Lemke alleges Hart conferred with Green, and the two contacted the Allen County, Ohio Sheriff's Office. Allen County Sheriff's deputies Ryan Bullinger and Ryan Ream, who also are defendants in this case, arrived at the Lima Police Department and spoke with Lemke, who acknowledged he had attempted to contact Latosha "'a couple of times.'" (*Id.*). Lemke then was arrested and taken into custody.

Lemke filed suit in the Allen County, Ohio Court of Common Pleas, asserting the Defendants violated his rights under federal and state law. Lemke asserts three causes of action pursuant to 42 U.S.C. § 1983: (1) violation of his right not to be arrested without probable cause; (2) deprivation of liberty due to failure to investigate; and (3) failure to train or supervise employees. (Doc. No. 1-2 at 4-6). He also asserts three causes of action alleging the Defendants have civil liability for criminal acts under Ohio Revised Code §§ 2307.60, 2905.03, 2921.44, and 2921.45: (4) knowing deprivation of civil rights; (5) dereliction of duty; and (6) false imprisonment. (*Id.* at 6-7). The Lima Defendants seek dismissal of all of Lemke's claims against them.

### III. STANDARD

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible

claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on a motion to dismiss, a court may consider public records as well as documents attached to the motion to dismiss if those documents "are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

### IV. ANALYSIS

The Lima Defendants assert Hart and Green are entitled to qualified immunity and statutory immunity on each of Lemke's claims against them. Further, the Lima Defendants contend the City of Lima is entitled to judgment on the pleadings because Lemke has not alleged facts sufficient to establish municipal liability.

Lemke opposes the Lima Defendants' motion, arguing the individual Defendants have not established they are immune from liability and that the City of Lima has not carried its burden with respect to his § 1983 failure to train claim. Lemke concedes he has not stated a claim for relief against the City of Lima in Counts 4-6 and does not oppose the Lima Defendants' motion on that basis. (Doc. No. 16 at 10-11).

#### A. HART AND GREEN

The Lima Defendants argue they are entitled to judgment on the pleadings as to Lemke's federal claims against Hart and Green pursuant to the doctrine of qualified immunity and as to his state-law claims pursuant to statutory immunity under Ohio Revised Code § 2744.03(A)(6).

##### 1. Qualified Immunity

A plaintiff may assert a claim pursuant to § 1983 by alleging a government officer, "acting under color of state law, caused the deprivation of a federal right" of the plaintiff. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In response to a § 1983 claim, a defendant may assert the

3

doctrine of qualified immunity as a defense. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735(2011) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

Lemke asserts two § 1983 claims against Hart and Green. In his first cause of action, Lemke alleges Hart and Green, along with Ream and Bullinger

> individually and/or collectively acting under the color of state law and with deliberate indifference, deprived Plaintiff of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendment[s] of the U.S. Constitution including but not limited to the right to due process, the right to be protected, and the right to be free, lacking a warrant and lacking probable cause from the significant pretrial restraint of liberty.

(Doc. No. 1-2 at 4).

Lemke's second cause of action alleges Hart and Green, "individually and/or collectively" along with Ream and Bullinger, "intentionally failed to further investigate the terms and conditions of the referenced Protection Order" before Lemke "was arrested and deprived of his liberty." (*Id.* at 5).

The true nature of Lemke's claims is a bit unclear, but it appears he primarily asserts false-arrest and false-imprisonment claims. It may be helpful to begin by discussing the other legal principles he references.

His first cause of action asserts, in part, that Hart and Green acted with deliberate indifference and violated his Fourteenth Amendment right to due process. (*Id.* at 4). In order to state a Fourteenth Amendment substantive due process claim, Lemke "must allege 'conduct intended to injure in some way unjustifiable by any government interest' and that is 'conscience-shocking' in nature." *Mitchell v. McNeil*, 487 F.3d 374, 377 (6th Cir. 2007) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)).

4

Lemke has not satisfied this standard. He alleges Hart and Green "failed to perform a reasonable investigation" or to "read and/or comprehend" the DVTPO before Lemke was arrested. These allegations do not show Hart and Green's conduct prior to Lemke's arrest was "intended to injure in some way unjustifiable by any government interest," or that their acts or omissions "enter[ed] the forbidden world of conscience-shocking conduct." *Mitchell*, 487 F.3d at 377.

Nor has Lemke stated a plausible cause of action for inadequate investigation. (*See* Doc. No. 1-2 at 3-5). "There is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell*, 487 F.3d at 378 (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *see also Koch v. Dep't of Natural Res.*, --- F. App'x ---, 2021 WL 2221644, at *5 (6th Cir. 2021) (relying on *Mitchell* to affirm dismissal of plaintiff's failure-to-investigate claim) and *Bertovich v. Vill. of Valley View, Ohio*, 431 F. App'x 455, 460 (6th Cir. 2011) (same). The viability of Lemke's claim "turn[s] not simply on the failure of the defendants to investigate . . . but the [alleged] resulting injury to the plaintiff's liberty interest" from his arrest and detention on the night of December 18-19. *Estate v. Manolios v. Macomb County*, Civil Case No. 17-12277, 2018 WL 2948032, at *7 (E.D. Mich. June 13, 2018) (citing *Wilson v. Lawrence Cnty.*, 260 F.3d 946, 956 n.8 (8th Cir. 2001)).

Because Lemke has not asserted a viable substantive due process or failure to investigate claim, what remains is a claim for false arrest and subsequent false imprisonment. *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) ("A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff."); *Weser v. Goodson*, 965 F.3d 507, 513 (6th Cir. 2020) ("When a false-imprisonment claim arises out of an alleged false arrest – as it does in this case – those claims are identical, so we will simply refer to those two claims together as a false-arrest claim.").

That claim falls short, however, because Lemke fails to allege, and the pleadings and relevant attachments establish, that Hart and Green did not arrest Lemke or otherwise fail to take actions

5

which they were required to take. At this stage, it is Lemke's burden to allege facts which show it is plausible that Hart and Green "'cause[d] [him] to be subjected to a deprivation of his constitutional rights.'" *McKinley v. City of Mansfield*, 404 F.3d 418, 438 (6th Cir. 2005) (quoting *Baker v. McCollan*, 443 U.S. 137, 142 (1979)). Before either Hart or Green may be held liable, Lemke must show his alleged injury arose from "the actions of *that* defendant in the situation *that* defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (emphasis added).

Lemke alleges Hart spoke with Stephenson (his sister-in-law), before conferring with Green and later conducting an investigation along with Ream and Bullinger. (Doc. No. 1-2 at 3). The interactions between Lemke and the four defendant-officers are described in the police report Bullinger prepared.[1] (Doc. No. 17-1 at 5). Bullinger stated he read Lemke his Miranda rights and questioned Lemke regarding his communications with Latosha before Ream "advised Christopher that due to the violation of the protection order[,] he would be placed into custody and transported to the [Allen County] Jail." (*Id.*). Hart and Green then "removed Christopher's firearm, badge and duty belt from him before he was placed into custody." (*Id.*).

While much of the parties' briefing centers on whether there was probable cause to support Lemke's arrest, the fatal flaw in his claims against Hart and Green is that he has not alleged they arrested him, and in fact, the record shows they were only tangentially involved in his arrest. In short, it is immaterial whether Hart and Green had probable cause to arrest Lemke because they did not cause him to be arrested without probable cause. *See Baker*, 404 F.3d at 438 ("'[A] public official

---

[1] While Lemke did not file the police report as an attachment to his complaint, I may consider it in the context of the Lima Defendants' motion for judgment on the pleadings as a public record. *See Baker v. Elcona Homes Corp.*, 588 F.2d 551, 556 (6th Cir. 1978). I also may consider it because Lemke quoted from the police report in his complaint, though he referred to it as "the investigative notes." (Doc. No. 1-2 at 3 ("Per the investigative notes, Plaintiff acknowledged attempting to make contact with LaTosha Lemke 'a couple of times.'")).

is liable under § 1983 only if <u>he causes the plaintiff to be subjected to a deprivation of his constitutional rights</u>.'") (emphasis added) (further citation omitted). Moreover, Lemke has not identified any basis on which to conclude Hart and Green owed him a duty to prevent other officers from arresting him without probable cause.

I conclude Lemke's § 1983 claims against Hart and Green are barred by the doctrine of qualified immunity because Lemke fails to plausibly allege that those defendants engaged in conduct which violated Lemke's constitutional rights.

### 2. Civil Liability under Ohio Law

As I noted above, Lemke asserts three claims against Hart and Green under Ohio law, alleging those two defendants are civilly liable for conduct which violated Ohio criminal law. (*See* Doc. No. 1-2 at 6-7). The Lima Defendants argue Hart and Green are immune from civil liability under § 2744.03(A)(6), which provides, in part, that a political subdivision employee is immune from liability for injuries suffered by a plaintiff unless the "employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." Ohio Rev. Code § 2744.03(A)(6)(b).

Lemke argues the Lima Defendants are not entitled to statutory immunity because they:

> provide no countervailing authority that an officer does not behave wantonly or recklessly when he has no probable cause to arrest and imprison a private citizen who is the protected party on a Domestic Violence Temporary Protection Order and yet does so anyway in blatant disregard for the individual's Fourth Amendment rights, or by failing to intervene to stop another officer who knows, or should know, such behavior is wanton or reckless.

(Doc. No. 16 at 11).

Lemke's state-law claims against Hart and Green fail for the same reason as his § 1983 claims. He fails to plausibly allege Hart or Green engaged in conduct which caused Lemke's alleged injuries.

7

Further, even if I were to assume Lemke could allege a plausible claim for relief against Hart and Green, I conclude such a claim is barred by statutory immunity. Lemke's allegation that Hart and Green's failure to act was "with malicious purpose, in bad faith, or in a wanton or reckless manner," (Doc. No. 1-2 at 4), is no more than a legal conclusion couched as a factual allegation. The complaint does not contain any factual allegations which meet the high bar required by § 2744.03(A)(6)(b). *See, e.g., Rural Building of Cincinnati, LLC v. Mercer*, 96 N.E.3d 882, 888 (Ohio Ct. App. 2017).

I conclude Lemke fails to state a plausible claim for relief under Ohio law against Hart or Green, and also, that Ohio Revised Code § 2744.03(A)(6) bars the imposition of liability against either of those defendants.

### B.  CITY OF LIMA

I also conclude the City of Lima is entitled to judgment on the pleadings on Lemke's remaining § 1983 claim which alleged the City of Lima failed to train or adequately supervise Hart and Green. (*See* Doc. No. 1-2 at 5-6).

In order to state a claim for municipal liability, a plaintiff must adequately allege (i) a constitutional violation occurred and (ii) the municipality is responsible for that violation. *Graham ex rel. Est. of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 382 (6th Cir. 2004) (citation omitted). I already have concluded Lemke failed to allege Hart or Green violated his constitutional rights. Further, Lemke has not shown the City of Lima was responsible to train or supervise Ream and Bullinger. *See Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) ("To succeed on a failure to train or supervise claim, the plaintiff must prove the following: (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury.").

Therefore, I conclude the City of Lima is entitled to judgment on the pleadings on Lemke's third cause of action. As I noted above, Lemke concedes he has not stated a plausible claim for relief under Ohio law against the City of Lima. (Doc. No. 16 at 10-11). Thus, I also conclude the City of Lima is entitled to judgment on the pleadings on Lemke's fourth, fifth, and sixth causes of action.

## V. CONCLUSION

For the reasons stated above, I conclude Plaintiff Christopher Lemke has failed to state a plausible claim for relief against Defendants the City of Lima, Sergeant Nicholas Hart, and Lieutenant Andrew Green, and grant the motion of those Defendants for judgment on the pleadings. (Doc. No. 10).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge