UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Lemke,                                        Case No. 3:21-cv-54

           Plaintiff,

v.                                                          MEMORANDUM OPINION
                                                                AND ORDER

Officer Ryan Bullinger, *et al.*,

           Defendants.

       Plaintiff Christopher Lemke filed suit against Allen County, Ohio and Allen County Sheriff's deputies Ryan Bullinger and Ryan Ream (collectively, the "Allen County Defendants"), as well as the City of Lima, Ohio and Lima Police Department officers Andy Green and Nick Hart (collectively, the "Lima Defendants"). Lemke alleges he was jailed, following an investigation conducted by the named officers, for violating a temporary protection order despite his being listed as the victim on the order. He asserts a total of six causes of action: two regarding the alleged violation of his constitutional rights; one concerning the alleged failure of political subdivision defendants to train and supervise their employees; and three alleging civil liability under Ohio law. (Doc. No. 9-1).

       I subsequently granted a motion for judgment on the pleadings filed by the Lima Defendants, concluding (a) Lemke's § 1983 claims against Hart and Green are barred by the doctrine of qualified immunity because Lemke did not plausibly allege those defendants engaged in conduct which violated his constitutional rights; (b) Lemke failed to state a plausible claim for relief under

Ohio law and any such claim was barred by Ohio Revised Code § 2744.03(A)(6); and (c) Lemke did not allege a plausible claim for relief against the City of Lima. (Doc. No. 21).

The Lima Defendants have filed a motion for the entry of an order concluding there is no just reason for delay in declaring my decision dismissing the claims against them to be a final judgment pursuant to Rule 54(b). (Doc. No. 24). They contend Rule 54(b) certification is appropriate because Lemke's claims against them will not be affected by future events in this litigation and it would be unfair to the Lima Defendants if they were "forced to remain in judicial purgatory while they await the final outcome of the other remaining claims . . . ." (Doc. No. 24 at 3).

Rule 54 provides that, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). A district court first "'must expressly direct the entry of final judgment as to one or more but fewer than' all of the claims in the case and then the court must expressly find that there is no just reason to delay an appeal." *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 594 (6th Cir. 2013) (quoting *Gen. Acquisition, Inc. v. GenCorp., Inc.,* 23 F.3d 1022, 1027 (6th Cir. 1994)).

In the first step, a court must determine the ruling issued is "a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). My September 22, 2021 Memorandum Opinion and Order is a "final judgment" because it disposed completely with each of Lemke's specific claims against the Lima of Defendants.

The Sixth Circuit has identified a list of five non-exhaustive factors to be considered in determining whether there is "no just reason for delay" in permitting an immediate appeal of a final judgment:

> (1) the relationship between the adjudicated and non-adjudicated claims; (2) the possibility that the need for appellate review might become moot due to future developments in the district court; (3) the possibility that the appellate court might be required to hear the same issue twice; (4) the presence or absence of a claim or counterclaim that might result in a set-off against the final judgment; and (5) other miscellaneous factors, including "delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."

*Sebelius*, 705 F.3d at 596 (quoting *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)).

I conclude these factors weigh against a finding that there is no just reason for delay. The adjudicated and non-adjudicated claims are closely related, as they arise from the same factual circumstances and pursue the same legal theories. (*See* Doc. No. 21 at 2). This close relationship creates a strong possibility that the Sixth Circuit Court of Appeals might be required to review the same circumstances twice – once if Lemke appealed my decision granting judgment on the pleadings in favor of the Lima Defendants and a second time following a potential appeal of the ultimate resolution of Lemke's claims.

While the Lima Defendants express concern with the potential prejudice they might suffer if they are forced to defend a delayed appeal after the resolution of Lemke's claims against the Allen County Defendants, the principles underlying Rule 54(b) require that a balance be struck between "the needs of the litigants" and "the undesirability of more than one appeal in a single action." *Sebelius*, 705 F.3d at 596. Though their desire for finality is understandable, Rule 54(b) counsels against certification in circumstances which would create two fractured appeals before the Sixth Circuit.

For these reasons, I am unable to conclude there is no just reason for delay in directing entry of final judgment as to Lemke's claims against the Lima Defendants, and I deny their Rule 54(b) motion.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge